IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALISHA ATWATER ) | |
| ) | |
| ) | |
| Plaintiffs,) | |
| v.) | |
| ) | No. 12 C 4231 |
| ) | |
| BOARD OF EDUCATION OF THE CITY OF) | Judge Virginia M. Kendall |
| CHICAGO AND RANOULE TATUM) | |
| ) | |
| Defendant.) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alisha Atwater ("Atwater") filed this lawsuit against Defendants Board of Education of the City of Chicago (the "Board") and Ranoule Tatum ("Tatum") asserting: (1) sexual harassment in violation of Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e; (2) sexual harassment in violation of the Illinois Human Rights Act, 775 ILCS 5/ *et seq*; (3) assault and battery; and (4) intentional infliction of emotional distress.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Board moved this Court to dismiss Counts III and IV of Atwater's First Amended Complaint, as against the Board, for failure to state a claim.  For the reasons set forth below, the Court dismisses Count III with prejudice and Count IV without prejudice.

**BACKGROUND**

The following facts are alleged in Atwater's First Amended Complaint (the "Complaint") and are presumed to be true for purposes of analyzing this motion to dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).  The Board hired Atwater in July 2007 to work as a Youth Outreach Worker. (Doc. 6, ¶ 17.)  In September 2010, Defendant Tatum became Atwater's direct supervisor. (*Id.* at ¶ 18.)  Prior to making Tatum Atwater's direct supervisor, the Board identified

Tatum with "do not hire" status. (*Id.* at ¶ 19.) Tatum began to sexually harass Atwater shortly after he was hired. (*Id.* at ¶ 21.) Over the course of 2010 and into 2011, Tatum repeatedly made inappropriate sexual comments to Atwater, such as: "your man must not know you left the house like that, black turns me on;" and "you got your shirt all zipped up, I can't even see anything." (*Id.* at ¶¶ 26, 49.) On approximately January 12, 2011, Atwater informed the Department of Education's Equal Employment Compliance Office Administrator that Tatum was harassing her. (*Id.* at ¶ 27.) The Department of Education did nothing in response to the complaint. (*Id.* at ¶ 28.)

The next day, while trying on safety vests, Tatum grabbed underneath Atwater's vest to touch her breasts and stated "you are big, but big in the right place." (*Id.* at ¶ 31.) At the end of January 2011, Tatum offered Atwater money in return for her providing him with sexual favors. (*Id.* at ¶¶ 38-40.) Atwarter repeatedly complained to her supervisors, Angela Hodge and Ms. McNutt[1], about Tatum's conduct. (*Id.* at ¶¶ 44, 47.) Nothing was done in response to her complaints. (*Id.* at ¶ 48.) Then, on March 17, 2011, Tatum sent Atwater a sexually explicit and obscene text message. (*Id.* at ¶ 50.) The next week Atwater filed a complaint with the Law and Labor department. (*Id.* at ¶ 57.) Atwater's supervisor, McNutt, held a staff meeting to discuss Atwater's complaints. (*Id.* at ¶ 60.) McNutt asked Tatum to leave the meeting but Tatum surreptitiously recorded the meeting. (*Id.* at ¶ 61.). Soon thereafter, Tatum went to the Chicago public school where Atwater often worked. (*Id.* at ¶ 65.) He rifled through her desk and inspected her personal belongings. (*Id*.) Finally, three months after Atwater filed her initial complaint, the Board suspended Tatum on April 6, 2011. (*Id.* at ¶ 68.) However, Tatum retained his city-issued cellular telephone. (*Id.* at ¶ 69.) From March 25, 2011 through May 6, 2011, Tatum used the city-issued telephone to call and harass

---

[1]The Complaint does not identify Ms. McNutt's first name.

Atwater. (*Id.* at ¶ 73.) On May 6, 2011, Atwater obtained an order of protection against Tatum. (*Id.* at ¶ 74.)

Atwater filed charges of discrimination against the Board and Tatum with the Illinois Department of Human Rights on May 20, 2011. (*Id.* at ¶¶ 7-8.) The IDHR cross-filed the same charge with the Equal Employment Opportunity Commission. (*Id.* at ¶ 7.) After receiving her right-to-sue letter, Atwater filed suit in this Court. (*Id.* at ¶ 10.)

## STANDARD OF REVIEW

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F. 3d 811, 820 (7th Cir. 2009). To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F. 3d 610, 614 (7th Cir. 2011).

In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded

factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949; *see also Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 934-35 (7th Cir. 2012).

## **DISCUSSION**

The Board raises three arguments for why Atwater's claims are insufficient. First, it contends that they are barred by the one-year statute of limitations found in the Illinois Tort Immunity Act. Ordinarily the statute of limitations is an affirmative defense to be raised in an answer to a complaint. *See United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005). A plaintiff may, however, "plead [herself] out of court by pleading facts that establish an impenetrable defense to [her] claims." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008). If the relevant dates are set forth unambiguously in the complaint, a court may dismiss a claim in a Rule 12(b)(6) motion if the claim is precluded by an applicable statute of limitations. *See Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009); *Lewis,* 411 F.3d at 842. The Board also contends that, as a matter of law, it may not be held liable for the alleged acts of Defendant Tatum because they were committed outside the scope of his employment. Finally, the Board contends that the Illinois Human Rights Act preempts Atwater's claim for intentional infliction of emotional distress.

**I.      The Statute of Limitations under the Illinois Tort Immunity Act**

The Illinois Tort Immunity Act (the "Tort Act") states in relevant part that "[n]o civil action...may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). Pursuant to 745 ILCS 10/1-206, the Board qualifies as a local entity covered by the Act. *See Arteman v. Clinton Community Unit School Dist. No. 5,* 198

4

Ill. 2d 475, 479 (2002); *see also Williams v. Chicago Board of Education,* No. 97 C 1063, 1997 WL 467289, at *5 (N.D. Ill. Aug. 13, 1997) (finding that the definition of local public entity in the Act includes school boards, therefore, the Board benefits from the one year statute of limitations); *Hayes v. Elementary School Dist. No. 15,* No. 10 C 7095, 2011 WL 1059890, at *5 (N.D. Ill. Mar. 21, 2011). Accordingly, Atwater had one year to file her claims for battery and IIED from the date those causes of action accrued.[2]

Under Illinois law, a cause of action "for assault and battery accrues at the moment of injury." *Burge v. Harvey,* No. 97 C 4569, 1997 WL 610045, at *2 (N.D. Ill. Sept. 25, 1997); *see also Grzanecki v. Cook County Sheriffs Police Dep't,* No. 10 C 07345, 2011 WL 3610087, at *2 (N.D. Ill. Aug. 16, 2011). A cause of action for IIED is subject to the continuing tort or continuing violations doctrine. *Feltmeier v. Feltmeier,* 207 Ill. 2d 263, 284 (2003). Therefore, a cause of action for IIED accrues "on the date of the last injury or the date the tortious acts cease." *Id.*

Atwater filed her original complaint on May 31, 2012. Accordingly, Atwater's claims are not timely if they accrued before May 31, 2011. An examination of the allegations in her complaint reveals that her claims for battery and IIED both accrued prior to May 31, 2011. The only allegation in her complaint that relates to an assault or battery is Atwater's allegation that "on approximately January 13, 2011, while trying on safety vests, Tatum grabbed underneath Atwater's vest touching her breasts." (Doc. 6 at ¶ 3.) Accordingly, Atwater's claim for assault and battery accrued on

---

[2] While neither party raises this issue, the Court notes that Atwater filed her charge of discrimination with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights on May 20, 2011. This was well within the statute of limitations period for her common law claims. However, under Seventh Circuit law, the filing of a charge with the EEOC does not toll the statute of limitations for a separate state law claim. *See Juarez v. Ameritech Mobile Communications, Inc.,* 957 F. 2d 317, 322-23 (7th Cir. 1992).

January 13, 2011. Therefore, it is barred by the one-year statute of limitations in the Tort Act and Count III is dismissed with prejudice.

Atwater makes a number of allegations regarding Tatum's conduct to support her claim for IIED. However, the latest act of tortious conduct is alleged to have occurred on May 6, 2011. (*See* Doc. 6, ¶ 73 ["That from approximately March 25, 2011 through May 6, 2011, Tatum used his city-issued cellular telephone to continue to call Atwater and would just laugh in response to her answering the phone call."].) Thus, Atwater's claim for IIED, as currently pleaded, is also barred by the one-year statute of limitations because it accrued no later than May 6, 2011.

However, the Court does not believe that Atwater's IIED claim should be dismissed with prejudice at this time. If a plaintiff has not had an opportunity to amend her complaint, a claim should only be dismissed with prejudice if amendment would be futile. *See Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). The Court is not convinced that amending this claim would be futile. As described above, IIED, unlike assault or battery, is a continuing tort subject to the continuing violations doctrine. *See Feltmeier,* 207 Ill. 2d at 284. This doctrine "allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period. For purposes of the limitations period, courts treat such a combination as one continuous act that ends within the limitations period." *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992). Since there is no explicit allegation in the Complaint that Tatum lost possession of his city-issued telephone on May 6th or ceased calling Atwater on May 6th, the Court finds that it is plausible that Atwater could allege subsequent acts of infliction of emotional distress that would be sufficient to allow her IIED claim to survive a Rule 12(b)(6) motion. Accordingly, the Court dismisses the IIED claim (Count IV) without prejudice. To the extent that Atwater is able

to allege acts of infliction of emotional distress within the limitations period, she is given leave to amend her complaint. Because the Court dismisses this claim without prejudice, it is compelled to explain why the Board's other arguments for dismissal fail and should not be raised in a subsequent responsive pleading.

## II. Respondeat Superior

In its Motion, the Board acknowledges that it could potentially be held liable for Tatum's torts under the doctrine of *respondeat superior.* Under this doctrine, an employer may be held liable for the torts of its employees if the tort is committed within the scope of employment. *See Pyne v. Witmer,* 129 Ill. 2d 351, 561, 543 N.E. 2d 1304, 1308 (1989); *see also Krause v. Turnberry Country Club,* 571 F. Supp. 2d 851, 864 (N.D. Ill. 2008). However, the Board cannot be held liable if Tatum's alleged torts were committed outside of the scope of his employment. *See Deloney v. Bd. of Education of Thornton Township,* 281 Ill. App. 3d 775, 783-84 (1st Dist. 1996); *Krause,* 571 F. Supp. 2d at 864. Acts of sexual assault, misconduct, and harassment are committed outside the scope of employment as a matter of law. *See Deloney,* 281 Ill. App. 3d at 783-84; *Krause,* 571 F. Supp. 2d at 864; *Zuidema v. Raymond Christopher, Inc.,* No. 11 C 306, 2011 WL 2647993, at *2 (N.D. Ill. June 30, 2011). This is because "sexually-harassing behavior is undertaken specifically for the benefit of the employee and is necessarily unrelated to his employer's objectives." *Zuidema,* 2011 WL 2647993, at *2 (*quoting Krause,* 571 F. Supp. 2d at 864). Since Atwater's allegations of battery and IIED are premised on Tatum's sexual assault and harassment of her, the Board cannot be held liable for Tatum's actions under a theory of *respondeat superior.*

However, this does not end the Court's inquiry because the question before the Court is not whether Atwater can hold the Board liable for Tatum's alleged torts under a theory of *respondeat*

*superior*, the question is whether she has alleged sufficient facts to make it plausible that she can hold the Board liable for Tatum's alleged torts. While an employer may not be vicariously liable under the doctrine of *respondeat superior* if an employee commits an act outside of the scope of employment, an employer may be liable for the acts of an employee when the employer expressly authorizes the conduct of the employee. *See Hunt-Golliday v. Metro. Water Reclamation Dist.,* 104 F.3d 1004, 1016 (7th Cir. 1997). This ratification theory of liability has been extended by this Court, and other courts in this district, to include situations where management has knowledge of harmful conduct but fails to take any steps to remedy the situation. *See Creighton v. Pollmann N. Am., Inc.,* No. 08 C 3241, 2008 WL 5377816, at *3 (N.D. Ill. Dec. 18, 2008); *Zuidema,* 2011 WL 2647993, at *3 ("management's knowledge coupled with lack of follow-up action is equivalent to express authorization of injurious conduct");*Thomas v. Habitat Co.,* 213 F. Supp. 2d 887, 892-93 (N.D. Ill. 2002) (same); *Lujano v. Town of Cicero,* 691 F. Supp. 2d 873, 888 (N.D. Ill. 2010); *Mobley v. Kelly Kean Nissan, Inc.,* 864 F. Supp. 726, 730 (N.D. Ill. 1993).[3]

In this case, Atwater alleged that the Board should be liable for Tatum's torts because it implicitly authorized Tatum's conduct by failing to take the necessary steps to prevent Tatum from continuing to commit tortious acts against Atwater after it had received notice of Tatum's conduct. Specifically, Atwater alleges that she reported Tatum's alleged harassment to "the Department of Education's Equal Employment Compliance Office Administrator" on January 12, 2011. (Doc. 6 at ¶ 27.) She alleges that the Department of Education did "absolutely nothing" in response to her complaints. (*Id.* at ¶ 28.) She further alleges that she reported Tatum's alleged conduct to her

---

[3]The Court notes that other courts in this district have held that a claim that management ignored evidence of improper conduct was insufficient to confer liability under a ratification theory of liability. *See, e.g., Scott-Riley v. Mullins Food Prods.,* No. 04 C 1368, 2004 WL 1557817, at *1 (N.D. Ill. July 7, 2004). The Court does not agree with this view.

8

supervisors "on numerous occasions" between February and early March 2011. (*Id.* at ¶¶ 43, 44, 47). Nothing was done in response to her complaints. (*Id.* at ¶ 48.) Since Atwater alleges she informed the Board of Tatum's conduct in January but the Board did nothing to remedy the situation until April, the Board could be held liable for Tatum's alleged torts under this informed ratification theory of liability. Accordingly, dismissal based on the Board's *respondeat superior* argument would be premature at this time.

## III.     Preemption

The Board also argues that Atwater's IIED claim is preempted by the Illinois Human Rights Act ("IHRA"). The IHRA states in pertinent part that: "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS § 5/8-111(C). The IHRA gives the Illinois Human Rights Commission exclusive jurisdiction over civil rights violations. *See Naeem v. McKesson Drug Co.,* 444 F. 3d 593, 602 (7th Cir. 2006). Sexual harassment is a civil rights violation under the IHRA. 775 ILCS §§ 5/2-102(D). Whether a tort claim is barred by the IHRA depends on whether it is "inextricably linked to a civil rights violation such that there is no independent basis apart from the Act itself." *Maksimovic v. Tsogalis,* 177 Ill.2d 511, 517, 687 N.E.2d. 21, 23 (1997); *accord Naeem,* 444 F. 3d at 604; *Blount v. Stroud,* 232 Ill.2d 302, 313, 904 N.E. 2d 1, 9 (2009). In construing the IHRA preemption rule, the Seventh Circuit has explained that:

> The distinction between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached; that is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it.

9

*Naeem,* 444 F. 3d at 604; *see also Blount,* 232 Ill. 2d at 313. Accordingly, the fact that a tort claim is related to a civil rights violation or is predicated on the same factual allegations that support the plaintiff's discrimination claim does not mean that it is preempted. *See Blount,* 232 Ill. at 313 ("A plain reading of the [IHRA] reveals no legislative intent to abolish all common law torts factually related to sexual harassment."); *see also Naeem,* 444 F. 3d at 602-03. Rather, the court must look to the allegations in the complaint to determine whether a plaintiff has alleged the elements of a tort claim without reference to the legal duties created by the IHRA. *See Blount,* 232 Ill. At 313.

In determining whether a claim for IIED is preempted by the IHRA, the Court analyzes the Complaint to determine whether the allegations of physical and verbal harassment are sufficient to state a claim for IIED even if they were not sexually motivated. *See Krause,* 571 F. Supp. 2d at 863; *Creighton v. Pollmann N. Am., Inc.,* No. 08 C 3241, 2008 WL 5377816, at *3 (N.D. Ill. Dec. 18, 2008); *see also DelGadillo v. Town of Cicero,* No. 11 C 7342, 2012 U.S. Dist. LEXIS 128302, at *14-15 (N.D. Ill. Sept. 10, 2012); *Thomas v. Comcast of Chi., Inc.,* 11 C 1209, 2012 WL 3205008, at *9-10 (N.D. Ill. Aug. 2, 2012).[4] Under this analysis, Atwater's IIED claim is not preempted by the IHRA. In order to state a claim for IIED, a plaintiff must allege that: (1) the defendants engaged

---

[4]The Court notes that federal courts in this district have been inconsistent in determining whether IIED claims that are predicated upon the same alleged conduct as sexual harassment claims are preempted by the IHRA. *Compare Zuidema,* 2011 WL 2647993, at *5 ("Although the IHRA creates a duty to keep a workplace free of sexual harassment, the duty not to commit the intentional tort of intentional infliction of emotional distress exists on its own") *and Arnold v. Janssen Pharmaceutica, Inc.,* 215 F. Supp. 2d 951, 961 (N.D. Ill. 2002) ("That extreme and offensive conduct might also constitute sexual harassment...does not affect the viability of a tort claim for [intentional infliction of emotional distress]") *with Golden v. World Sec. Agency, Inc.,* No. 10 C 7673, 2012 WL 3151380, at *14-15 (N.D. Ill. Aug. 2, 2012) ("If a claim of intentional infliction of emotional distress is supported by factual allegations identical to those set forth in plaintiff's Title VII claim, the claim is preempted by the IHRA.") (internal citations and quotations omitted) *and Johnson v. Chicago Bd. of Ed.,* No. 00 C 1800, 2002 WL 1769976, at *4 (N.D. Ill. Aug. 1, 2002) ("[P]laintiff's claim for infliction of emotional distress is supported by the identical factual allegations of her Title VII claims and is therefore preempted."). This Court believes that the correct interpretation of *Maksimovic, Naeem* and *Blount* is that if the Complaint contains allegations of sufficiently extreme and outrageous conduct to state a claim for IIED, that claim is not preempted by the IHRA even if the extreme and outrageous conduct is also sufficient to state a claim for sexual harassment.

in extreme and outrageous conduct; (2) that they had the intent to cause, or a reckless disregard of the probability of causing, emotional distress; and (3) that their conduct, in fact, caused severe emotional distress. *See Van Stan v. Fancy Colours & Co.,* 125 F.3d 563, 567 (7th Cir. 1997). Atwater alleges that Tatum engaged in extreme and outrageous conduct by grabbing Atwater's breasts, by repeatedly offering Atwater money to perform sexual favors, by rifling through Atwater's desk and personal belongings, by surreptitiously recording Atwater's meetings with her supervisors, by texting Atwater that he wanted to "**** [her] real good and hard" and by making a variety of other inappropriate and harassing statements to Atwater. (*See, e.g.,* Doc. No. 6, ¶¶ 31, 33, 38-40, 50, 61, 65.)

These allegations are sufficiently threatening to be considered extreme and outrageous conduct regardless of whether there was a discriminatory motive. *See, e.g., Thomas,* 2012 WL 3205008, at *9-10; *Hernandez v. Partners Warehouse Sup. Servs., LLC,* 11 C 7579, 2012 WL 3582971, at *9 (N.D. Ill. Aug. 17, 2012) (finding that repeated sexual advances, sexual propositions and unwanted sexual touching constituted extreme and outrageous conduct for purposes of alleging IIED); *Adan v. Solo Cup, Inc.,* No. 1 C 3966, 2001 WL 951726, at *2-4 (N.D. Ill. Aug. 21, 2001). Since Atwater has also alleged that she suffered "severe emotional distress" and "mental anguish" as a proximate result of Tatum's conduct (Doc. 6 at ¶ 58), she sufficiently stated a claim for IIED that is independent of a legal duty conferred by the IHRA. Accordingly, her claim is not preempted by the IHRA.[5]

---

[5]The Court is cognizant of its decision in *Freeman v. Holy Cross Hospital* where it found a claim for IIED was preempted by the IHRA. *See* No. 10 C 4157, 2011 WL 1559208 (N.D. Ill. April 25, 2011). However, in that case, the allegations of harassment were not sufficient to state a claim for IIED regardless of whether there was a discriminatory motive. Moreover, the defendant's contention that the IIED claim was preempted by the IHRA was unopposed. This Court has always found that "the IHRA does not preclude courts from exercising jurisdiction over IIED claims factually related to incidents of unlawful discrimination if the plaintiff can allege facts sufficient to establish the elements of

**CONCLUSION**

For the reasons stated above, the Court grants the Board's Motion to Dismiss Counts III and IV of Atwater's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Atwater's claim for assault and battery (Count III) is dismissed with prejudice as it is barred by the one-year statute of limitations in 745 ILCS 10/8-101(a). Atwater's claim for intentional infliction of emotion distress (Count IV) is also dismissed because, as currently alleged, it is barred by the one-year statute of limitations in 745 ILCS 10/8-101(a). However, since intentional infliction of emotional distress is a continuing tort, this count is dismissed without prejudice. To the extent that Atwater is able to allege any acts of intentional infliction of emotional distress within the limitations period, Atwater is given leave to amend her complaint by November 19, 2012.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: November 5, 2012

---

IIED." *Creighton,* 2008 WL 5377816, at *3; *see also Krause,* 571 F. Supp. 2d at 863 ("[B]ecause the underlying duty of an IIED claim derives from common law, not statutory law, Krause's IIED claim is not preempted by the IHRA.").